UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF TEXAS

LONNICA MCKELVIN

    Plaintiff,

v.                                            No:

FEDERAL DEPOSIT INSURANCE CORP,
FDIC,
    Defendant

*United States Courts*
*Southern District of Texas*
*FILED*
*JAN 2 1 2021*
*Clerk of Court*

COMPLAINT

PLAINTIFF SEEK CHANGE OF VENUE

**TO THE HONORABLE DISTRICT COURT OF SOUTHERN TEXAS, PLAINTIFF,** Lonnica McKelvin (**"McKelvin"**) petition the court for a change of venue from Equal Employment Office of Commisison (**"EEOC"**) to the District court of Southern Texas.

**EEOC NO. 460-2020-00141X**         **AGENCY NO.**     **FDICEO-19-036**

    Plaintiff, Complaintant states the Administrative Judge has become bias with intention of violating Plaintiff's Due process rights under the Fourteenth Amendment of equal protection in a

Title VII Civil Rights Discrimination case against her employer, Federal Deposit Insurance Corporation (**"FDIC"**) Administrative Judge, Kevin Rung, for the district of Lousianna has violated Article I, 28 U.S.C.§- 351 364 by engaging in conduct prejudical to the effective and expeditious administration of justice, 28 U.S.C§ 363 (d) by treating Plaintiff by demonstrably egregious and hostle manner during the proceedings, allowing an unlicense attorney to represent Plaintiff in her case causing irreparable harm. The administrative court has placed Carter as counsel and has refused to remove her knowningly she is unlicensed to practice law in any state. Plaintiff's contract with FDIC has been extended for another year. Counsel has sought a summary judgment against Plaintiff, McKelvin with evidence provided by an unlicensed counsel representing her.

## JURISDICTION

*28 U.S.C. §1331* federal question in seeking entrance into this court 's jurisdiction

Plaintiff, Lonnie McKelvin is a resident of Houston, Texas in Harris county, 3515 Marquesa Lane, Houston, TX 77084.

Defendant, Federal Deposit Insurance Corp is a private company, conduction one of its office at 5825 North Sam Houston Parkway, West, Houston, TX 77086

All alledge incidents occurred in Houston, Texas, Harris County. EEOC overload placed jurisdiction to the state of Lousianna .

## EEOC office of Administrative Law is bias and conspiring with FDIC in under 42 U.S.C §1983

Dana Carter ("Carter"), a private citizen without a license to practice law in any state was on the phone cqversation with the parties and Administrative law during a hearing. It was stated Carter informed Administrative Judge Kevin Rung she was not an attorney on Mckelvin's behalf. Judge Rung with knowledge of this fact, appointed Carter to represent McKelvin in the proceedings allowing her to impersonate an officer of the court. McKelvin filed a notice with the court informing the court and counsel Carter was not an attorney and to proceed pro se to allow her to amend her complaint and object to Counsel's summary judgement. The court has denied McKelvin's notice and motion and informed her that her unlicensed attorney (Carter) must file a motion to withdraw in order for her to proceed. The U.S. Courts of Appeals have repeatedly held that the right of self-representation is protected by the bill of rights, *Faretta v. California, 422 U.S. 806 (1975)*. Administrative Judge and Counsel for FDIC has used their position and authoirty to oppress, intimidate, and deny Plaintiff, McKelvin her due process.

## Summary Fact of the Case

COMPLAINANT in an EEOC hearing, Lonnica C. McKelvin, now respresenting herself before this Administrative hearing, before thisAdministrative proceedings is petitioning this court to allow her to leave the court and Amend her complaint, evidence, and for her to Show Cause to this court alledged acts of discrimination not under Title VII of the Civil Rights Act but to Amend her complaint to include The Pregancy Discrimination Act of 1978 ( PDA)) is an amendment to Title VII of the Civil Rights Act of 1964. Discrimination on the basis of pregnancy, childbirth, or related medical conditions constitutes unlawful sex discrimination under Title VII. Women affected by pregnancy or related conditions must be treated in the same manner as other applicants or employees who are similar in their ability or inability to work. Ms. McKelvin, a Federal Deposit employee had a non-blimished work history prior to this incident before this court. Although she

has not clarified her case under Fed.R. Civ. P. 12 for failure to state a claim, she has the right to amend her complaint to state a claim in which relief could be sought to provide a direct evidence of discriminatry motive or through circumstantial evidence bace on prima facie showing discrimination, *McDonnell Douglas Corp v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed 2d 688 (1973)*. Plaintiff is pro se representing herself and was just made aware representation were not license; she is presenting herself before this court and should not be deprived of due proccess of being deprived when Ms. McKelvin is seeking to amend the complaint to state the facts in order to prevaill. Ms. McKelvin is also seeking to amend her complaint to include the Federal Whistleblower Protection act from retailation from excercising her Civil Rights. The center of Complaintant's complant relates to incidents surrounding around her pregrancy, the complaint needs to be amended to included American Disability Act of 2008 for women who are pregnant and have medical issues caused by her pregnancy. Complaintant alleged she never was disciplined ( oral or written) in any form prior to her pregancy and after informing her employer she was subject to discrimination and retailation as it related to her pregnancy. **The Pregnancy Discrimination Act of 1978** Pregnancy discrimination involves treating a woman (an applicant or employee) unfavorably because of pregnancy, childbirth, or a medical condition related to pregnancy or childbirth.Complainant was discriminated by Federal Deposit under The Pregancy Discrimination Act of 1978 that prohibits The Pregnancy Discrimination Act (PDA) forbids discrimination based on pregnancy when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, such as leave and health insurance, and any other term or condition of employment. Under the PDA, an employer that allows temporarily disabled employees to take disability leave or leave without pay, must allow an employee who is temporarily disabled due to pregnancy to do the same. An employer may not

single out pregnancyrelated conditions for special procedures to determine an employee's ability to work. However, if an employer requires its employees to submit a doctor's statement concerning their ability to work before granting leave or paying sick benefits, the employer may require employees affected by pregnancy-related conditions to submit such statements. If a woman is temporarily unable to perform her job due to a medical condition related to pregnancy or childbirth, the employer or other covered entity must treat her in the same way as it treats any other temporarily disabled.. EEOC Administrative Judge Rung is using his authority position as adjudicator to conspire with FDIC to have this case dismiss and violated McKelvin's Fourteenth Admendment rights using an unlicensed representative.

Plaintiff is protected by the *WhistleBlower Act* by informing agencies and this court of intentional violation of a federal employee by a federal agencies exposing FDIC discriminating against federal employees and now how the EEOC has conspirted with the FDIC in failure to protect McKelvin's right.

IT IS THEREFORE, PLAINTIFF PETITIONS:

1. Change of venue be granted for the Plaintiff to be heard before this court.


Respectfully Submitted,

Lonnica McKelvin
Pro se/ Plaintiff
3515 Marquesa Lane
Houston, TX 77084

**CERTIFICATE OF SERVICE**

A copy of this Pleading was mailed to the EEOC Administrative Judge, Kevin Rung and the Opposing Counsel, Samuel Brooks listed in the record on  21  January, 2012 by overnight United States Postal Service or third party carrier.

Respectfully,

Lonnica McKelvin.

*[signature]* 1/21/21